```
01
02
03
04
05
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JOSE SALAZAR CERVANTES, | ) | CASE NO. C08-1681-JLR |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| A. NEIL CLARK, Field Office Director, | ) | |
| U.S. Immigration and Customs Enforcement, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On November 18, 2008, petitioner Jose Salazar Cervantes, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the U.S. Immigration and Customs Enforcement. (Dkt. 6). On January 28, 2009, however, respondent filed a Return to the habeas petition, indicating that petitioner was removed from the United States to Columbia on January 26, 2009, and that petitioner's habeas petition has become moot and should be dismissed. (Dkt. 10).

The Court agrees with respondent that petitioner's habeas petition has become moot and should be dismissed. For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173

REPORT AND RECOMMENDATION
PAGE -1

(9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id*. Because petitioner has been removed and is no longer detained by ICE, the Court finds that petitioner's request for release from detention should be dismissed as moot. *See, e.g., Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992) (holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe). Accordingly, I recommend that this action be dismissed without prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 29th day of January, 2009.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge